On the 20th July, 1804, and long before that time, the corporation of the city of New-York were the owners in fee simple absolute of the land adjoining that owned by Gabriel Furman, the appellants' testator and ancestor, and extending from high water mark to low water mark, and from thence four hundred feet into the East river. This is obvious from the charter. The riparian owner of the land bounded on tide water, is limited by high water mark. Beyond this, the land under water, including the shore or bank to high water mark, belongs to the public, and at common law to the King as parens patriæ, to the extent of four hundred feet from low water mark, the land under water in the East river in front of the lot of the appellants' testator, was vested by the charter in the corporation and confirmed by the constitution of 1777. This principle is well settled in this state, and *Page 569 
admits of no dispute. (See Lansing v. Smith, 4 Wend., 9,in the court for the correction of errors.)
The respondents being so seised, on the 20th July, 1804, conveyed to Furman the ancestor, in fee, by definite boundaries, and adjoining his lot No. 20 at Corlaer's Hook, a certain piece of land under water, extending from high water mark easterly to Corlaer street, and southerly to Front street, opposite the said Gabriel's land, according to a map which is made part of the bill. Under this grant Furman took nothing but what was included within the described boundaries of his deed, and there is no covenant which prevents the corporation from using, in such way as they please, the residue of the land, remaining in them, and extending several hundred feet further into the river. With respect to such land they have the same rights as any other owners. (Lansing v. Smith, 8 Cowen R., 146; S.C. inError, 4 Wend., 9.)
The complainants' right to relief is based upon the assumption in their bill, that the corporation have no right or title to the lands under water adjacent to the land granted by them to Furman; that their claim to the ownership of four hundred feet below low water mark is invalid; and if valid, their title has been divested by virtue of the 220th and 221st sections of the act of 9th April, 1813, entitled an act to reduce several acts, relating particularly to the city of New-York, into one act. (2 R.L.,
420.)
It has been seen that Furman as owner of lot No. 20, at Corlaer's Hook, was limited to high water mark, and that the grant of the corporation to him of July, 1804, was of the land under water adjoining his lot, between high water mark and low water mark, and by definite and easily ascertained boundaries. The terms of the grant could not by construction carry the grantee beyond the actual limits prescribed by the grant and thus lose what was not included in the grant, remaining in the grantor. The title of the corporation to four hundred feet beyond low water mark, it has been seen, was granted by the charter, and has *Page 570 
long been recognized as the property of the corporation. To the validity of that title no well founded objection has been raised. It has been recognized and confirmed by the state in repeated instances.
It has been clearly shown by the learned judge who delivered the opinion of the superior court, that Furman does not come within the purview of the sections of the act cited, having no land adjoining South street. The duty of building the street was not imposed upon him, nor is he entitled to the benefit contemplated by those sections.
The bill was rightly dismissed by the superior court, and their judgment should be affirmed.
TAGGART and MORSE, Js., gave no opinion.
DENIO, J., did not hear the argument.
The other judges concurring in the foregoing opinion,
Judgment affirmed.