WILLIAM POST, APPELLANT, *v.* CHARLES KREISCHER AND GEORGE KREISCHER, RESPONDENTS.

*Right to plant oysters in lands under water — the person so doing acquires a title to the oysters as against trespassers — he cannot prevent the State or its grantee from filling the lands.*

The plaintiff had for many years planted oysters in a portion of the sound adjacent to Staten Island. In 1881 the commissioners of the land office granted to the owner of the adjoining upland, for the beneficial enjoyment thereof and the promotion of commerce, a tract of land under water, which included the beds upon which the plaintiff's oysters were planted. Thereafter the defendants, acting under the directions of the owners of the said lands, and for the purpose of filling and reducing the same, dumped dirt and other materials therein and thereby destroyed the plaintiff's oysters.

*Held,* that he had no cause of action against them for the injury thereby sustained.

APPEAL from a judgment in favor of the defendants, entered upon a verdict directed by the court.

The action was brought to recover damages occasioned to oysters belonging to the plaintiff by dirt and other refuse dumped upon them by the defendants.

The plaintiff claimed that he had for more than thirty years been in the habit of planting and raising oysters at the place referred to, and that the person from whom he had purchased the bed had planted them there for many years prior thereto.

*Benjamin J. Patterson,* for the appellant.

*David McClure,* for the respondents.

PRATT, J.:

The plaintiff had planted oysters under the waters of the New York bay, adjacent to Staten Island. In the month of June, 1881, the defendants caused a large amount of dirt and other material to be dumped upon the oyster bed, destroying the oysters.

This action is brought to recover damages for the injury thus inflicted. Upon the trial the court directed a verdict for defendants. It appeared that the defendants were sons of Balthazar Kreischer and had his authority to do the acts complained of. Balthazar Kreischer was the owner of the upland adjacent to the

land under water where the oysters had been planted, and on the 28th day of April, 1881, the commissioners of the land office of the State had granted to him a tract of land under the waters of the bay in front of his property, and which included the oyster bed. This grant was made not only for the purpose of promoting commerce, but also for the beneficial enjoyment by the adjacent owner (Laws 1850, chap. 283), and the dirt and materials were dumped upon the oyster bed by defendants for the purpose and in pursuance of a plan to fill in the lands granted and to reclaim them from the water. The grant conveyed to the grantee the legal title to the land. It was perfectly lawful for him to do the act complained of, and the acts of the defendants as his agents were protected by the grant. Their acts were for the improvement of the property and the beneficial enjoyment thereof. What the State could have done prior to the grant the grantee could do thereafter.

Unless, therefore, there was something in the plaintiff's possession which gave him a right to hold and enjoy the plot which he had staked out for his oyster bed against the people of the State the case was properly disposed of. The plaintiff was not the owner of the land, and there is nothing in the evidence which would justify a court in holding that there was a title by adverse possession. All that the plaintiff proves is that he had for many years in the spot where the mud was dumped planted oysters, and had marked it out by stakes, and that the spot was not a natural oyster bed. These facts establish plaintiff's property in the oysters, and for any interference with them by another he had his right of action. (*Fleet* v. *Hegeman*, 14 Wend., 42.)

But this rule by law, while it gives plaintiff protection against all trespassers, afforded him no protection against the acts of the sovereign power. It is well settled that the people of the State, within whose territory it lies, owns the land under water, of arms of the sea and rivers which have the flux and reflux of the tide, and have the power of disposal thereof. (*Lansing* v. *Smith*, 4 Wend., 9; *Furman* v. *The Mayor*, 10 N. Y., 567.) The rights of the plaintiff were held in subordination to the rights of the people, and subject to be interfered with at any time by the acts of the people. This interference might be either pursuant to a direct act of the legislature, or through the instrumentality of the commissioners of

the land office acting pursuant to the powers which the legislature have conferred upon them. It would hardly be claimed that if the legislature had authorized the erection of a dock or other structure upon the land which the plaintiff had staked out, that he could, upon any legal principle, claim or recover damages from the State for interference with his rights, and yet such a case would rest on no different principle of law than the plaintiff's claim against Kreischer as grantee of the State.

The plaintiff was lawfully in possession of the oyster bed against everyone but the sovereign. As against acts of the sovereign his loss is *damnum absque injuria.* For such acts the law gives him no remedy. The defendants acting under the grantee of the sovereign power were protected for their acts within the limits of the grant. The evidence, therefore, failed to show any cause of action in plaintiff's behalf and the complaint was properly dismissed.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.