Pratt, J.
The plaintiff had planted oysters under the waters of Hew York Bay, adjacent to Staten Island. In the month of June, 1881, the defendants caused a large amount of dirt and other material to be dumped upon the oyster bed, destroying the oysters. This action is brought, to recover damages for the injury thus inflicted.
Upon the trial the court directed a verdict for defendants. It appeared that the defendants were sons of Balthazar Kreischer, and had his authority to do the acts complained of. Balthazar Kreischer was the owner of the upland adjacent Jo the land under water where the oysters had been planted, and on April 28, 1881, the commissioners of the land-office of *40 the State had granted to him a tract of land, under the waters of the bay in front, of his property, and which included the oyster bed.
This grant was made not only for the purpose of promoting commerce, but also for the beneficial enjoyment by the adjacent owner (L. 1850, ch. 283), and the dirt and materials were dumped upon the oyster bed by defendants for the purpose and in pnrsuatice of a plan to fill in the lands granted and to reclaim them, from water.
The grant conveyed to the grantee the legal title to the land. It was perfectly lawful for Mm to do the act complained of, and the acts of the defendants as his agents were protected by the grant. Their acts were for the improvement of the property, and for the beneficial enjoyment thereof; what the State could have done prior to the grant, the grantee could do thereafter.
Unless, therefore, there was something in the plaintiff’s possession which gave him a right to hold and enjoy the plot which he had staked out for his oyster bed against the people of the State, the case was prop-, erly disposed of.
The plaintiff was not the owner of the land, and there is nothing in the evidence which would justify a-court in holding that there was a title by adverse possession. ;
All that the plaintiff proved is that he had for many years, in the spot where the mud was dumped, planted oysters, and had marked it out by stakes, and that the spot was npt a natural oyster bed. These facts establish plaintiff’s property in the oysters, and for any interference with them by another, he had his right of action (Fleet v. Hegeman, 14 Wend. 43).
But this rule of law, while it gives plaintiff protec-; tion against all trespassers, afforded him no protection against the acts of the sovereign power. It is well *41 settled that the people of the State, within whose territory it lies, own the land under water of arms of the sea and rivers which have the flux and reflux of the tide, and have the power of disposal thereof (Lansing v. Smith, 4 Wend. 9 ; Furman v. Mayor, 10 N. Y. 567). The rights of the plaintiff were held in subordination to the rights of the people, and subject to be interfered with at any time by the ácts of the people. This interference might be either pursuant to a direct act of the legislature, or to the instrumentality of the commissioners of the land-office, acting pursuant to the powers which the legislature has conferred upon them.
It would hardly be claimed that if the legislature had authorized the erection of a dock, or other structure upon the land which the plaintiff had staked out, that he could upon any legal principle claim or recover damages from the State for interference with his rights, and yet such a case would rest on no different principle of law than the plaintiff’s claim against Kreischer as grantee of the State.
The plaintiff was lawfully in possession of the oyster bed against every one but the sovereign. As against acts of the sovereign, his loss is damnum, absque injuria. For such acts the law gives him no remedy. The defendants, acting under the grantee of the sovereign power, were protected for their acts within the limits of the grant. The evidence therefore failed to show any cause of action in plaintiff’s behalf, and the complaint was properly dismissed.
The judgment must be affirmed, with costs.
Note. - -The remedy is for the owner of the oyster bed to present a remonstrance to the commissioners of the land office against an unqualified grant ; and they have power, on their discretion, to protect him by a clause in the grant Pro. Com. L. O. 1883, p. 76. In a recent case (Garrettson and Reilly, 1884) three years was allowed to complete the growth of the plants and remove them.